WILLIAM F. TAYLOR v. CLARENCE BROWN AND ADAM MEYERS.

*Purchase by guardian in ward's interest.*

Land belonging to an estate was sold by the executors to the guardian to pay debts. The transaction was in good faith on both sides, and full consideration was paid. The guardian afterwards sold to others who knew nothing of the guardianship and had no notice of it from the record of title. *Held*, that How. Stat. § 6042, which avoids any sale to a guardian unless for the ward's benefit, would not warrant a ward in bringing ejectment against the purchasers, who were not bound to look beyond the registry of deeds to ascertain their grantor's title.

Case made after judgment from Livingston. (Newton, J.) Oct. 24.—Jan. 7.

EJECTMENT. Plaintiff brings error. Affirmed.

*Smith & York* for appellant.

*Fred. H. Warren* and *L. S. Montague*, for appellees, as to a guardian's right to buy at a sale of the ward's estate not

made by himself, cited *Beaubien v. Poupard* Har. Ch. 206; *Dwight v. Blackmar* 2 Mich. 330; *Sheldon v. Rice* 30 Mich. 300; and if the guardian in afterwards selling the property should realize a profit he would be charged with it on accounting: *Harrington v. Brown* 5 Pick. 521; *Litchfield v. Cudworth* 15 Pick. 31; *Jennison v. Hapgood* 7 Pick. 1: 10 Pick. 111; and the sale to the guardian would at most be voidable: *Blood v. Hayman* 13 Met. 231; *Robbins v. Bates* 4 Cush. 104; *Wyman v. Hooper* 2 Gray 145; see *Hoffman v. Harrington* 28 Mich. 95; *White v. Iselin* 26 Minn. 487; *Larzelere v. Starkweather* 38 Mich. 102; and bona fide purchasers buying on the faith of the record are protected by the registry laws: *Alexander v. Rice* 52 Mich. 451.

SHERWOOD, J. This is an action of ejectment brought to recover the undivided one-third part of eighty acres of land in Livingston county. Jonathan B. Taylor owned the lands in question, and died August 17, 1871, leaving them by his will to his three children, William, Vance and Parrish, all of whom were minors. The premises in question were regularly sold and conveyed under proper license for that purpose, by the executors of Jonathan B. Taylor, to pay debts of his estate, to Caroline Taylor, who was, at the time she bid off the same at such sale, guardian for said minors. The facts in the case are all stipulated by the parties, from which it appears that, upon the sale of the property to Caroline, she paid the full cash value therefor, and that the sale was fairly and in good faith made by the executor, as was the purchase by Caroline, and that her guardianship was known to the executors at the time the sale was thus made. With a full knowledge of all the facts, the sale to said Caroline was regularly confirmed by the judge of probate, and in her capacity as guardian she accounted to the said executors for the purchase money of said property, they receipting the same to her accordingly.

It also further appears that on the 23d day of May, 1873, Caroline Taylor's deed was duly recorded in the proper office of register of deeds; that on the 5th day of October she sold and conveyed the premises to the defendant Clarence Brown for $900, it being the full cash value of the property at the

time, and that his deed was duly recorded on the 4th day of January, 1875 ; that on the 8th day of May, 1875, for the sum of $500, the said Clarence Brown, by warranty deed, conveyed the north half of said premises to Adam Meyers, whose deed was duly recorded on the 10th day of May, 1875 ; and that the $500 was a full consideration for the property thus conveyed. The stipulation further shows that neither of the defendants knew, at the time of their purchase, of the guardianship of Caroline Taylor, and supposed her to be the owner in fee; that they examined the title to the property of record before making the purchases and relied in good faith upon what the record showed, in making the same ; and that each entered into the actual possession of the premises as soon as they completed their purchase and have made extensive and valuable improvements thereon.

Upon the foregoing facts the question presented at the circuit was whether or not, under the recording laws of this State, the defendant's title could be defeated by the statute, which reads as follows : " The executor or administrator making the sale, and the guardian of any minor heir of the deceased, shall not directly or indirectly purchase, or be interested in the purchase of any part of the real estate so sold, and all sales made contrary to the provisions of this section shall be void ; but this section shall not prohibit any such purchase by a guardian for the benefit of his ward." How. Stat. § 6042. The circuit judge held not ; that the defendant's title, under the facts stipulated, was fully protected, and that the plaintiff could not recover. The circuit judge was right. The plaintiff's case is devoid of all equity, and both the letter and spirit of the law require that these defendants should be protected in the enjoyment of the property they have, in good faith and for a full and valuable consideration, purchased and paid for. The statute (How. Stat. § 5683) does not require a person, in order to keep within its provisions in a case like this, to examine beyond the registry of deeds for outstanding claims when he makes his purchase. It is very clear from the record that both the guardian and executors acted in perfect good faith, and, so far as we can

discover, for the best interests of the wards as well as that of the estate.

. The judgment should be not be disturbed, and must be affirmed.

The other Justices concurred.