SOLEAU v. SOLEAU.

EXECUTORS AND ADMINISTRATORS—SALE BY ADMINISTRATRIX TO HER-
SELF—ADEQUACY OF PRICE—FRAUD.
   Where administratrix sold estate's real estate for sum substan-
   tially in excess of appraised value, and used proceeds to pay
   estate's debts, the sale was properly held valid by the trial
   court, although the property was deeded to her the same day
   by her daughter, who was the purchaser, where there was no
   showing of inadequacy of consideration, and no claim made of
   fraud or breach of trust.

Error to Monroe; Root (Jesse H.), J. Submitted
April 17, 1931. (Docket No. 129, Calendar No.
35,364.) Decided June 1, 1931.

   Ejectment by Comillious Soleau and another, an
infant, by next friend, against Josephine Soleau and
others to recover an undivided interest in lands.
Judgment for defendants. Plaintiffs bring error.
Affirmed.

   *Golden, Kelly & Blake,* for plaintiffs.

   *Golden, Nadeau & Fallon,* for defendants.

   POTTER, J. Plaintiffs brought ejectment in the
circuit court for Monroe county to recover an un-
divided interest in the lands and premises in Mon-
roe county described in the declaration. From a
judgment for defendants, plaintiffs bring error.
Frank X. Soleau died in Monroe county, March 6,
1911, leaving the lands in dispute as his sole prop-
erty, according to the inventory of the estate in the

probate court; several children and two infant
grandchildren, plaintiffs herein.    His widow, Jo-.
sephine Soleau, was regularly appointed administra-
trix of his estate by the probate court of Monroe
county, gave a bond as such, and entered into the
discharge of her trust.    Appraisers appointed by
the probate court appraised the real estate in ques-
tion, May 2, 1911, at $2,500, subject to a mortgage
of $600.    Various claims were presented against
the estate and allowed by commissioners on claims
appointed by the probate court in the sum of
$2,307.14.    By order of the probate court, September
ber 9, 1911, the administratrix was ordered to pay
the debts of the estate within 60 days.    During the
probate proceedings Josephine Soleau, the widow,
filed a petition for a widow's allowance, and was
awarded $200 in personal property, to be selected
by her, and $5 a week for the support of herself and
children for a period of one year.    Later the ad-
ministratrix filed a petition in the probate court for
leave to sell the real estate belonging to the estate
to pay the debts of deceased.    Notice of hearing on
such petition was duly published, a bond on the sale
of real estate filed, and December 8, 1911, she was
granted a license by the probate court to sell the
real estate.    She sold the real estate in question for
$3,500, paid the claims allowed against the estate,
the mortgage and interest thereon, charged the
estate for her support, attorney's fees and fees as
administratrix, in all, $3,500.    Her final account was
allowed by the probate court and she discharged,
and her bond canceled September 27, 1912.    Plain-
tiffs claim, and it is admitted, the real estate in
question was sold by the administratrix at private
sale to Rose Soleau, her daughter, who, on the same

day, conveyed it to the defendant Josephine Soleau. It is claimed by plaintiffs the sale by her of the real estate is void. The trial court held the sale valid. No inadequacy of consideration was shown. Defendant Josephine Soleau, as administratrix, realized from the sale of the real estate in question a sum substantially in excess of the appraised value thereof, and used the proceeds of sale to pay and discharge indebtedness of the estate. No fraud or breach of trust is claimed. The case is ruled by *Taylor* v. *Brown*, 55 Mich. 482, and *Ketchum* v. *Ketchum*, 177 Mich. 100. Judgment affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.